IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | 2:96CR109-1 |
| | ) | |
| JOE LEWIS BLACKWELL, JR. | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on a Motion [Doc. #173] by Defendant Joe Lewis Blackwell for a sentence reduction pursuant to 18 U.S.C. § 3582(c), based on the 2011 Guideline Amendments, which retroactively lowered the base offense levels in Guideline § 2D1.1 with respect to cocaine base ("crack") offenses. For the reasons described herein, the Court will deny Defendant's Motion.

Under 18 U.S.C. § 3582(c), the Court may reduce a term of imprisonment after it has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion." 18 U.S.C. § 3582(c)(2). If this provision applies, the Court may reduce the defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, defendants seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c) must establish first that they are eligible for a reduction because they were sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Second, if a defendant is

potentially eligible for a sentence reduction, 18 U.S.C. § 3582(c)(2) further directs that any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission" and must involve consideration of "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2). Pursuant to United States Sentencing Guideline § 1B1.10, in determining a defendant's eligibility for a sentence reduction, the Court shall consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and may also consider the "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." See U.S.S.G. § 1B1.10, comment. n.1(B)

In considering Defendant's Motion, the Court notes that the Presentence Report prepared in advance of Defendant's original sentencing hearing calculated a base offense level of 38, based on 1.5 kilograms of cocaine base ("crack") attributable to Defendant, a total offense level of 40, and a criminal history category of IV, for an applicable Guideline range of 360 months to life. The sentencing Court, however, found that Defendant's criminal history category overstated his criminal history and, therefore, departed downward to a criminal history category of II. As such, the Court originally sentenced Defendant to 350 months, which was in the middle of the Guideline range of 324 to 405 months, based on a total offense level of 40 and a criminal history category of II. Thereafter, on June 15, 2011, the Court reduced Defendant's sentence pursuant to a Motion for sentence reduction based on the 2007 Amendments to Guideline § 2D1.1. In doing so, the Court accounted for the previous criminal history category departure and imposed a sentence of 283 months, which was in the middle of

the Guideline range of 262 to 327 months, based on a total offense level of 38 and a criminal history category of II.[1]

In his present Motion, Defendant asks that the Court again to account for the previously-imposed departure and sentence Defendant at the low end of the Guideline range of 210 to 262 months, based on a total offense level of 36 and a criminal history category of II. However, based on the 2011 Amendments to Guideline § 1B1.10, Defendant's applicable Guideline range in this case would be that range calculated prior to any departure or variance imposed by the original sentencing Court. See U.S.S.G. § 1B1.10, n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."). Therefore, the applicable Guideline range that was lowered by the 2011 Amendments in this case was that range calculated using a total offense level of 38 and a criminal history category of IV, for an applicable Guideline range of 324 to 405 months. That range has now been lowered to 262 to 327 months, based on a total offense level of 36 and a criminal history category of IV. To the extent that Defendant asks the Court to depart below that amended Guideline range, the Court notes that it may not do so except pursuant to a government motion reflecting Defendant's substantial assistance, which is not present in this case. See U.S.S.G.

---

[1] The June 15, 2011, Order notes that absent consideration of the previously imposed departure, Defendant was subject to a total offense level of 38 and a criminal history category of IV, for an applicable Guideline range of 324 to 405 months.

§ 1B1.10(b)(2) & n.3. Therefore, the Court finds that Defendant's amended Guideline range of 262 to 327 months is correctly calculated.

Although the Court recognizes that the 2011 Amendments to the Guidelines serve to lower Defendant's applicable Guideline range from 324 to 405 months to 262 to 327 months, the Court finds no basis to reduce Defendant's sentence below 283 months, which falls in the middle of the amended Guideline range. As noted above, in its June 15, 2011, Order, the Court reduced Defendant's sentence to 283 months based on a Guideline range of 262 to 327 months. Therefore, the range within which the Court previously sentenced Defendant is exactly the same as the range within which the Court may now consider a sentence reduction. In determining whether and to what extent to allow the reduction, as set out in Sentencing Guideline § 1B1.10, the Court must consider the applicable Sentencing Guidelines, the sentencing factors contained in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community posed by the reduction, and the post-sentencing conduct of the defendant. Taking all of those considerations into account, the Court finds that a sentence of 283 months remains appropriate in this case. As such, the Court will deny Defendant's Motion for a sentence reduction.

IT IS THEREFORE ORDERED that Defendant's Motion [Doc. #173] for a sentence reduction is hereby DENIED.

This, the 15 day of July, 2013.

/s/ James A. Beaty
United States District Judge